UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DEREK L. LECLAIRE, POLICE OFFICER OF CHEYENNE RIVER SIOUX TRIBE;<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES L. FISCHER, CEO OF IHS; MARTY LECOMPTE, IT SUPERVISOR IHS; AND CHARLES LECOMPTE, CHIEF OF POLICE CRST;<br><br>Defendants. | 5:19-CV-05063-KES<br><br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL |

Plaintiff, Derek L. LeClaire, has filed a pro se lawsuit claiming violations of the Privacy Act of 1974, as well as violations of his due process and civil rights. Docket 1 at 5. LeClaire requested leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has filed a motion to appoint counsel. Dockets 2 and 3. This court denies his motion to proceed in forma pauperis, as well as his motion to appoint counsel.

I. **Motion to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute

destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to LeClaire's application to proceed in district court without prepaying fees or costs, he reported his average monthly income as $3,600.00 and his spouse's monthly income as $2,500.00. Docket 2 at 1. LeClaire's application shows sufficient funds to pay the filing fee. *Id.* Thus, LeClaire's motion to proceed in forma pauperis is denied. His filing fee must be paid by October 1, 2019, or his case will be dismissed without prejudice.

## II. Motion to Appoint Counsel

LeClaire filed a motion to appoint counsel. Docket 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "The appointment of counsel should be given serious

destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to LeClaire's application to proceed in district court without prepaying fees or costs, he reported his average monthly income as $3,600.00 and his spouse's monthly income as $2,500.00. Docket 2 at 1. LeClaire's application shows sufficient funds to pay the filing fee. *Id.* Thus, LeClaire's motion to proceed in forma pauperis is denied. His filing fee must be paid by October 1, 2019, or his case will be dismissed without prejudice.

## II. Motion to Appoint Counsel

LeClaire filed a motion to appoint counsel. Docket 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "The appointment of counsel should be given serious

consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson*, 728 F.2d at 1003.

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (Holding that the district court erred when they denied plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues.). Here, LeClaire's claims do not appear to be factually or legally complex. Because this court believes LeClaire can adequately present his claims at this time, his motion to appoint counsel is denied.

Thus, it is ORDERED:

1. LeClaire's motion to proceed in forma pauperis (Docket 2) is denied.
2. LeClaire must pay the filing fee by October 1, 2019 or his complaint will be dismissed without prejudice.
3. LeClaire's motion to appoint counsel (Docket 3) is denied.

Dated August 30, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE